UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BENJI W. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 2:08-CR-19-RLJ-MCLC-1 |
| | ) | 2:14-CV-181-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

On June 20, 2014, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 44, 45]. On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a supplement challenging the propriety of Petitioner's ACCA designation [Doc. 58 (suggesting that Petitioner's 1994 conviction for aggravated burglary no longer qualifies as an ACCA predicate after the *Johnson* decision)].

On July 25, 2016, the United States responded with the suggestion that Petitioner's entitlement to relief hinges on whether Tennessee aggravated burglary remains susceptible to categorization as a violent felony under the ACCA enumerated offense clause [Doc. 60]. Noting the Sixth Circuit has agreed to address that very issue *en banc* in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), the United States requests that the Court defer resolution of Petitioner's § 2255 motion pending the Sixth Circuit decision [*Id.*]. Petitioner did not reply to the United

States's response and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of any response as a waiver of objection.

"The question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). In light of the absence of a response in opposition and because the *Stitt* decision will likely clarify whether Tennessee aggravated burglary remains susceptible to categorization as a violent felony after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Court finds that a stay is appropriate under the circumstances of the instant case.

For the reasons outlined above, the United States's request for a stay [Doc. 60] is **GRANTED** and the action [E.D. Tenn. Case No. 2:14-CV-181-RLJ] is **STAYED** pending issuance of the Sixth Circuit's *en banc* decision in *Stitt*. The parties are **DIRECTED** to file a joint status report within thirty (30) days of that decision. Also before the Court is Petitioner's February 3, 2015 motion to hold the instant case in abeyance pending the *Johnson* decision [Doc. 55]. Because the Supreme Court issued the *Johnson* decision in June of 2015, that request is **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge