UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:08-CR-019
)
BENJI WAYNE DAVIS )

# **O R D E R**

Now before the Court is the defendant's November 2018 motion for early termination of supervised release. [Doc. 66]. That motion is opposed by the United States. [Doc. 67]. For the reasons that follow, the motion will be denied.

I.

*Background*

By judgment entered January 29, 2009, this court sentenced the defendant to 180 months' imprisonment to be followed by five years of supervised release for possession of a firearm by a convicted felon. According to the Presentence Investigation Report, the defendant would have been subject to an advisory guideline range of 63 to 78 months but for the fact that he was an Armed Career Criminal. Due to two prior serious drug convictions and one violent felony conviction for aggravated burglary under Tennessee law, the defendant faced a mandatory minimum sentence of 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1).

The defendant appealed his sentence, and that sentence was affirmed by the Sixth Circuit Court of Appeals in December 2010. [Doc. 40]. The defendant then filed a

motion to correct, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his Tennessee aggravated burglary conviction could no longer serve as an ACCA predicate. [Doc. 44]. In an unrelated opinion issued in June 2017, the Sixth Circuit agreed. *See United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017).

One month later, the parties filed a joint status report in this Court [doc. 63], recommending that the defendant's sentence be corrected to one of time served in light of *Stitt* and *Johnson v. United States*, 135 S. Ct. 2551 (2015). On August 2, 2017, this Court granted the defendant's § 2255 motion, entering a memorandum and judgment reducing the term of imprisonment to time served—and the period of supervised release from five years to three—based on *Johnson* and *Stitt*. [Docs. 64, 65]. Lastly, on December 10, 2018 (one month after the filing of the instant early termination motion), the United States Supreme Court reversed *Stitt*. *See United States v. Stitt*, 139 S. Ct. 399 (2018).

II.

*Analysis*

The defendant has completed just under half of his 36-month supervision term. He argues that should be enough, first noting that he overserved his prison sentence by several years. The defendant also cites his apparent compliance with his terms of supervision, such as maintaining stable residence and employment, passing all drug screens, and incurring no new arrests. Notwithstanding its acknowledgement that the defendant "is performing well on supervised release," the United States opposes the motion because of the defendant's criminal history.

According to the Bureau of Prisons' SENTRY report, the defendant served a sentence of approximately 129 months, inclusive of good time credit. As noted above, the advisory non-ACCA guideline range in this case was 63 to 78 months. As such, the Court recognizes that the defendant significantly overserved his prison sentence *under the caselaw in effect on the date his § 2255 motion was granted*. Conversely, the Court must also observe that the defendant benefitted from a substantial reduction of both his prison sentence and term of supervision solely by virtue of an appellate court opinion that is no longer good law.

The probation office informs the Court that the defendant is in compliance with his conditions of supervision. The SENTRY report shows zero disciplinary infractions while incarcerated. The Court is pleased with these accomplishments.

Nonetheless, the Court agrees with the United States that the defendant's criminal history renders him an inappropriate candidate for early termination. At sentencing, the defendant was a criminal history category VI (with or without the ACCA designation), with 16 criminal history points. In addition to the ACCA predicates mentioned above, the defendant has convictions including theft, simple possession of marijuana, driving under the influence, vehicular assault, child endangerment, possession of drug paraphernalia, facilitating the manufacture of methamphetamine, and evading arrest. The defendant also has a significant history of substance abuse.

The Court hopes that the defendant's post-sentencing good conduct is a sign that his troubles with controlled substances and lawbreaking are behind him. Still, in

consideration of the defendant's history, characteristics, and criminal background, a three-year term of supervision remains warranted.

III.

*Conclusion*

For the reasons provided herein, the defendant's motion for early termination [doc. 66] is **DENIED**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge